## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| **CHUBBY GORILLA, INC.,** ) | Civil Action No. 2:19-cv-226 |
| *Plaintiff,* ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| **BOTTLE BARONS, LLC D/B/A** ) **DROPPERBOTTLES.COM,** ) | |
| *Defendant.* ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chubby Gorilla, Inc. ("Chubby Gorilla") hereby complains of Defendant Bottle

Barons, LLC d/b/a dropperbottles.com ("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq.*

### PARTIES

2.    Plaintiff Chubby Gorilla is a California corporation having its principal place of

business at 10425 Slusher Drive, Santa Fe Springs, California 90670.

3.    Chubby Gorilla is informed and believes and, based thereon, alleges that

Defendant Bottle Barons, LLC d/b/a dropperbottles.com is a Wyoming limited liability company

having its principal place of business in this judicial district at 4569 Meadow Ridge Dr., Plano,

Texas 75093-3344.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

6.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district.  For example, Defendant has a regular and established place of business in this judicial district, Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in the State of Texas. Chubby Gorilla is informed and believes and, based thereon, alleges that Defendant has been selling and/or offering for sale infringing products in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling products into the stream of commerce knowing such products would be sold in Texas and this district.  These acts form a substantial part of the events or omissions giving rise to Chubby Gorilla's claims.

## BACKGROUND

7.     Chubby Gorilla is one of the nation's leading manufacturers of bottles used to house liquid for electronic cigarettes. Chubby Gorilla protects its innovative designs with its intellectual property rights.

8.     On December 4, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D834,950 ("the D950 Patent"), titled

"Dispensing Bottle and Cap in Combination."  Chubby Gorilla is the owner by assignment of all right, title, and interest in the D950 Patent.  A true and correct copy of the D950 Patent is attached hereto as **Exhibit 1**.

9.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States products that infringe Chubby Gorilla's D950 Patent, including products that Defendant has and continues to advertise on its website www.dropperbottles.com, for example the PET V3 Wide Mouth Unicorn – TE/CRC plastic bottles, the PET V3 Wide Mouth Unicorn Translucent Black - TE/CRC plastic bottles, the PET Wide Mouth Unicorn V1 – Tamper Evident/Child Resistant plastic bottles, the PET V2 Wide Mouth Unicorn - Tamper Evident/Child Resistant plastic bottles, the Transparent Amber PET Wide Mouth Unicorn - Tamper Evident/Child Resistant plastic bottles, and the Transparent Black PET Wide Mouth Unicorn Tamper Evident/Child Resistant plastic bottles (collectively, the "Accused Products").

10.     Infringement of a design patent is determined under the Ordinary Observer Test: "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swissa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Graham Co. v. White*, 81 U.S. 511, 528 (1871)).  Application of the Ordinary Observer Test focuses on the overall appearance of the design, rather than particular elements, and often undertakes a side-by-side visual comparison.

11.     Defendant had actual knowledge of Chubby Gorilla and its products. In fact, Defendant uses the name Chubby Gorilla in its website source code to drive internet traffic to its website. Chubby Gorilla is informed and believes, and, based thereon, alleges that, Defendant

had actual knowledge of the D950 Patent because prior to the filing of this Complaint, Defendant researched Chubby Gorilla's patent portfolio and became aware of Chubby Gorilla's D950 Patent.

12.     Chubby Gorilla is informed and believes, and on that basis, alleges, that Defendant's acts complained of herein are willful and deliberate.

13.     Defendant's acts complained of herein have caused Chubby Gorilla to suffer actual damages and irreparable injury to its business.  Chubby Gorilla will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

### COUNT I – INFRINGEMENT OF U.S. DESIGN PATENT NO. D834,950

14.     Chubby Gorilla repeats and re-alleges the allegations of paragraphs 1-14 of this Complaint as if set forth fully herein.

15.     This is a claim for patent infringement under 35 U.S.C. § 271.

16.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D950 Patent by making, using, selling, offering for sale, and/or importing products having a design that infringes the D950 Patent.  For example, the side-by-side visual comparisons shown below of Chubby Gorilla's patented design and each of the Accused Products establishes that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of each of the Accused Products is substantially the same as the claimed design of the D950 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other and, as a result, Defendant infringes the D950 Patent.

| PET V3 Wide Mouth Unicorn TE/CRC plastic bottles | Fig. 1 of U.S. Patent No. D834,950 |
| --- | --- |



| | |
|---|---|
| **PET V3 Wide Mouth Unicorn Translucent Black - TE/CRC plastic bottles** | **Fig. 1 of U.S. Patent No. D834,950** |
| **PET Wide Mouth Unicorn V1 Tamper Evident/Child Resistant plastic bottles** | **Fig. 1 of U.S. Patent No. D834,950** |
| **PET V2 Wide Mouth Unicorn Tamper Evident/Child Resistant plastic bottles** | **Fig. 1 of U.S. Patent No. D834,950** |



| | |
|---|---|
| **Transparent Amber PET Wide Mouth Unicorn Tamper Evident/Child Resistant plastic bottles** | **Fig. 1 of U.S. Patent No. D834,950** |
| **Transparent Black PET Wide Mouth Unicorn Tamper Evident/Child Resistant plastic bottles** | **Fig. 1 of U.S. Patent No. D834,950** |

17.   Defendant's acts of infringement of the D950 Patent were undertaken without permission or license from Chubby Gorilla.  Chubby Gorilla is informed and believes, and based

thereon, alleges that Defendant had actual knowledge of Chubby Gorilla's rights in the D950 Patent.  The design of Chubby Gorilla's products is well-known throughout the industry, and Defendant's products are each a nearly identical copy of Chubby Gorilla's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D950 Patent.  Defendant infringed the D950 Patent with reckless disregard of Defendant's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D950 Patent.  Defendant's acts of infringement of the D950 Patent were not consistent with the standards of commerce for its industry.

18.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Chubby Gorilla.

19.    Pursuant to 35 U.S.C. § 284, Chubby Gorilla is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

20.    Pursuant to 35 U.S.C. § 285, Chubby Gorilla is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

21.    Pursuant to 35 U.S.C. § 289, Chubby Gorilla is entitled to Defendant's total profits from Defendant's infringement of the D950 Patent.

22.    Due to the aforesaid infringing acts, Chubby Gorilla has suffered great and irreparable injury, for which Chubby Gorilla has no adequate remedy at law.

23.    Defendant will continue to infringe Chubby Gorilla's patent rights to the great and irreparable injury of Chubby Gorilla, unless enjoined by this Court.

## JURY DEMAND

Pursuant to Rule 38 o the Federal Rules of Civil Procedure, Chubby Gorilla, Inc. demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chubby Gorilla, Inc. prays for judgment in its favor against Defendant Bottle Barons, LLC d/b/a dropperbottles.com for the following relief:

A.      An Order adjudging Defendant to have infringed the D950 Patent under 35 U.S.C. § 271;

B.      An Order adjudging Defendant's infringement to be willful;

C.      A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D950 Patent in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of any of the Accused Products or any products that are not colorably different form such products;

D.      That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the D950 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Chubby Gorilla all damages suffered by Chubby Gorilla and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

E.      An Order adjudging that this is an exceptional case;

F.      An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

G.      An award to Chubby Gorilla of the attorney fees, expenses, and costs incurred by Chubby Gorilla in connection with this action pursuant to 35 U.S.C. § 285;

H.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

I.	Such other and further relief as this Court may deem just and proper.

Dated: June 14, 2019	Respectfully submitted,

*/s/ Charles Ainsworth*

Charles Ainsworth
State Bar No.  00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 418
Tyler, TX 75702
903/531-3535
E-mail: charley@pbatyler.com

*Attorneys for Plaintiff*,
Chubby Gorilla, Inc.